HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUPERMEDIA, LLC,

    Plaintiff,

 v.

LAW OFFICES OF JAMES V. NEWTON, PLLC,

    Defendant.

CASE NO. C11-356 RAJ

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE FIRST AMENDED ANSWER

   This matter comes before the court on plaintiff Supermedia, LLC's Motion to Strike First Amended Answer and Affirmative Defenses of Defendant. Dkt. # 17. Plaintiff filed its complaint on March 1, 2011. Dkt. # 1. On June 22, 2011, the court set the case schedule for a July 9, 2012 bench trial, including a discovery deadline of March 12, 2012 and dispositive motion deadline of April 10, 2012. Dkt. # 7. On November 7, 2011, defendant Law Offices of James V. Newton, PLLC filed its Answer. Dkt. # 11. On February 6, 2012, the court granted the stipulation of the parties to substitute defendant's counsel. Dkt. # 14. On February 29, 2012, defendant filed an amended answer. Dkt. # 15 (titled "Answer"). This motion followed. The discovery and dispositive motions deadlines have now passed.

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Defendant does not dispute that neither of these provisions are applicable. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendant did not receive consent from plaintiff or seek an order of the court for leave to amend. For this reason alone, the court would be within its discretion to grant plaintiff's motion to strike the amended answer.

However, even if defendant had sought leave to amend, which it did not, the court would find that the undue delay and prejudice to plaintiff weigh against amendment. The amended answer was filed twelve days before the close of discovery. Had defendant filed a properly noted motion, the first opportunity the court would have had to review the motion would have been March 16, 2012, after the close of discovery. *See* Local Rules W.D. Wash. CR 7(d)(3). The amended answer asserted eight new affirmative defenses and alleged insufficient knowledge on matters previously admitted. The significant changes in the amended answer would have required additional discovery. Under these circumstances, plaintiff would suffer undue prejudice if the court allowed amendment.

For all the foregoing reasons, the court GRANTS plaintiff's motion to strike defendant's amended answer (Dkt. # 15). Dkt. # 17.

Dated this 9th day of May, 2012.

_____
The Honorable Richard A. Jones
United States District Judge